[EDITOR'S NOTE: This case is unpublished as indicated by the issuing court.]
MEMORANDUM OF DECISION RE: MOTION TO DISQUALIFY (NO. 104)
The claimant, Kara Kozma Connor (Connor), was injured in an automobile accident allegedly caused by an uninsured vehicle. She seeks uninsured motorist benefits from the respondent, Peerless Insurance Company (Peerless). Pursuant to the insurance policy issued by Peerless, Connor filed a motion to compel arbitration, which was granted by the court, Vertefeuille, J., on July 11, 1994. The policy calls for a three person arbitration panel composed of an arbitrator chosen by each of the parties and third arbitrator chosen by the two party-designated arbitrators. CT Page 8953
Peerless designated as its arbitrator Attorney Carl Cella. On July 18, 1994, Connor filed a motion to disqualify Attorney Cella on the ground that he is not impartial since he has been retained by Peerless in other matters. On July 28, 1994, Peerless filed an objection to the motion to disqualify.
Due process requires that individuals who serve in a judicial or quasi-judicial capacity be impartial. Rado v. Boardof Education, 216 Conn. 541, 556[,] 583 A.2d 102 (1990). "The appearance of bias that might disqualify a judge [however,] will not disqualify an arbitrator." (Citation omitted.) Id.
 [A] presumption of impartiality attends administrative determinations, and the burden of establishing a disqualifying interest on the part of an adjudicator rests upon the one seeking disqualification. To overcome the presumption, the plaintiff must demonstrate actual bias, rather than mere potential bias . . . unless the circumstances indicate a probability of such bias too high to be constitutionally tolerable.
(Citation omitted; internal quotation marks omitted.) Barnett v.Fairfield Board of Education, Superior Court, Judicial District of Fairfield at Bridgeport, Docket No. 299249, (October 25, 1993, Fuller, J.) (quoting Rado v. Board of Education, supra, and applying it to case involving three person arbitration panel).
In addition, courts have recognized that it is inherent in a system where each party appoints an arbitrator that the arbitrator selected by a party may side with that party. Barnettv. Fairfield Board of Education, supra; Metropolitan Property Cas. v. J.C. Penney Cas., 780 F. Sup. 885, 891 (D. Conn. 1991) (it is commonly accepted "that the party-designated arbitrators are not and cannot be `neutral', at least in the sense that the third arbitrator or a judge is.")
In support of her motion to disqualify, Connor argues that all arbitrators must be completely impartial, having no connection to the parties or the litigation itself. In support of this proposition, Connor cites Peerless Ins. Co. v. Roberto,7 CSCR 466 (March 30, 1992, O'Neill, J.), in which the court disqualified a neutral arbitrator who had an affiliation with the CT Page 8954 claimant's husband, also an attorney. In response, Peerless argues that the disqualification of an arbitrator requires a showing of evident partiality, not merely the appearance of partiality. Peerless argues that that standard is not met in this case. Further, Peerless points out that in tripartite arbitration, it is commonly accepted that the arbitrators designated by the parties are not neutral, but that the third arbitrator must be.
It is noted by the court that the case which forms the basis of Connor's argument involves the court's disqualification of the third, or neutral arbitrator, in a tripartite arbitration. It is therefore evident that the court's reasoning in PeerlessIns. Co. v. Roberto, supra, 7 CSCR 466, is not necessarily applicable to the present case. In the present case, the only evidence of bias is the fact that Peerless has retained Attorney Cella in other litigation. In an analogous situation, the court, Rush, J., refused to disqualify an arbitrator chosen by a claimant even though that arbitrator had represented the claimant in a federal court action against an insured of the respondent insurance company in the arbitration proceeding. Newman v.Watkins, Superior Court, Judicial District of Stamford/Norwalk at Stamford, Docket No. 096039 (August 7, 1992, Rush, J.). In that case, the same attorneys were retained by the insurance company in the arbitration and the federal action and the claimant's arbitrator lost the case in federal court to those attorneys. Id. The court found no showing of evident partiality. Id.
It is clear that in arbitration proceedings in which the parties each appoint an arbitrator it is inevitable that the parties will appoint arbitrators who are more likely to favor their position. If the arbitrator at issue was the third arbitrator, a more rigorous analysis of his potential bias would apply. Nevertheless, in the present situation, it is clear that unless the court determines that Peerless' retention of the arbitrator in other insurance defense cases creates a probability of bias too high to be constitutionally tolerable, the court should deny the motion to disqualify. The court finds the probability of bias not to be too high to be constitutionally tolerable.
The motion to disqualify is denied.
WILLIAM J. McGRATH, JUDGE CT Page 8955